Upon the trial, the plaintiffs offered in evidence the following sealed obligation:
"Twelve months after date, we, or either of us, promise to pay Wm. B. Taylor, Guardian to the minor heirs of Mark Heath, dec'd, the sum of sixty two dollars, for value received, as witness our hand and seal, this 6th day of Dec. 1845.
 "GREGORY HEATH, [SEAL.] "H. S. HAMLET, [SEAL.] "WM. H. TAYLOR, [SEAL.]" *Page 418 
It was admitted that this bond was signed and sealed by Heath, the partner of Gregory, in the absence of the latter, and without any sufficient authority from him to execute a deed. The plaintiff proved that the defendant and Heath were partners in trade; that this note was given for the hire of a slave, the property of the plaintiffs, who were then minors; that Taylor, the oblige in the bond, was then their guardian, and the slave was hired from him. The slave went into the employment of the defendant and Heath, and served with them the term for which he was hired.
It was conceded by the plaintiff's counsel that he could not recover upon the bond against the defendant (Gregory,) because he had not executed it; but he contended that the seal should be regarded as surplusage, and the paper writing treated as a liquidated and signed account, for which they were entitled to recover in this action, commencing by warrant, though the sum exceeds sixty dollars; that the proofs explained the paper writing, and showed for what the account had been rendered.
The defendant objected to the recovery —
1st. Because the bond was not evidence of a liquidated account; that, if read at all, it must be read as a bond, and as such it was not binding on him, because he had not executed it.
2d. That, if it be regarded as a liquidated and signed account, then it must be regarded as an account with Taylor, the obligee in the note.
3d. That the note did not specify any thing which could be the subject of an account; that it was merely a promise to pay a sum of money, and could not be explained by the evidence.
By the consent of parties, a verdict was entered for the plaintiff, subject to the opinion of the Court, upon the question reserved, as to the plaintiff's right to recover upon the facts presented.
Subsequently, the Court, being of opinion that the plaintiff could not recover, set aside the verdict, and directed a non-suit to be entered, according to the agreement of the parties, from *Page 419 
which judgment the plaintiff prayed an appeal to the Supreme Court.
There is no error. The note offered in evidence is, manifestly, as against the defendant, not "an account stated in writing and signed by the party to be charged therewith."
It was very ingeniously argued that the seal might be rejected as surplusage, and as a partner was authorised to sign the name of his co-partner, the note might be considered as signed by the defendant. *Page 421 
To avoid unnecessary argument, suppose the objection as to the signing
is removed. There remain two others. The debt is not stated as due to the plaintiffs, but as due to W. B. Taylor. There is no "account stated in writing;" no item is given — it does not appear in writing for what the $62 was due. So the utmost stretch of ingenuity cannot suggest a ground upon which the note can be considered an "account stated in writing."
As the cause of action exceeds the sum of $60, a single justice has no jurisdiction.
Judgment affirmed.